IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELAURENCE ROBINSON (R-20751), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 5729 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion to alter or amend the judgment [123] is denied.

## STATEMENT

Plaintiff DeLaurence Robinson, previously incarcerated at Stateville Correctional Center, brought this civil rights action *pro se* under 42 U.S.C. § 1983. The Court granted summary judgment in favor of Defendants. Plaintiff now moves to alter or amend the judgment under Rule 59(e), claiming that it was "manifest injustice" because Defendants did not provide him the Local Rule 56.2 notice for unrepresented parties. The record, however, shows otherwise.

A court may alter or amend its judgment under Rule 59(e) "only if the petitioner can demonstrate *a manifest error of law* or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (emphasis added). "A manifest error occurs 'when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017), as amended (Aug. 8, 2017) (quoting *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015)). Rule 59(e) "'enables the court to correct its own errors and thus avoid unnecessary appellate procedures.'" *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoted case omitted). This type of post judgment motion, however, is not a place for the losing party to simply "rehash" previously rejected arguments. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

In moving for summary judgment, Defendants filed and served Plaintiff a "Notice to Pro Se Plaintiff." (Dkt. 96.) Though it is not titled "Local Rule 56.2 Notice to Unrepresented Litigants" and does not state verbatim the current iteration of Local Rule 56.2, it materially complies with the intent and spirit of that rule. Defendants seem to have used language from the version before Local Rule 56.2 was amended in early 2021. Here it makes little difference: Plaintiff's responsive filings show that he understood what was required of him on summary judgment—by responding to each numbered assertion of Defendants' statement of material facts, attempting to raise additional material facts, and objecting to Defendants' memorandum of law. (Dkts. 107, 108.)

Indeed, what the record reflects is the exact opposite of a "manifest injustice," let alone a manifest error of law.

Plaintiff attempts to use this motion as an opportunity to rehash losing arguments a second time. This he cannot do. Having failed to meet the post-judgment standard on a Rule 59(e) motion, the Court denies his motion to alter or amend the judgment.

**SO ORDERED.**  **ENTERED: March 28, 2022**

_____
**HON. JORGE ALONSO**
**United States District Judge**